# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and SALUSSOLIA
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Master Sergeant JOHN T. LONG**
**United States Army, Appellant**

ARMY 20150160

Headquarters, United States Army Special Operations Command
Deidra J. Fleming and Christopher T. Fredrikson, Military Judges
Lieutenant Colonel Charles L. Pritchard, Jr., Acting Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Major Kyle C. Sprague, JA; Captain Alexander N. Hess (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain Anthony A. Contrada, JA (on brief).

21 October 2020

---
SUMMARY DISPOSITION ON FURTHER REVIEW
---

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALUSSOLIA, Judge:

A military judge, sitting alone as a general court-martial, convicted appellant, contrary to his pleas, of three specifications of abusive sexual contact with a child, two specifications of indecent liberties with a child, rape of a child, sodomy upon a child under twelve years of age, assault consummated by a battery upon a child under sixteen years of age, two specifications of indecent acts with a child, child endangerment, and sexual abuse of a child, in violation of Articles 120, 125, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 928, and 934 (2006), and Article 120b UCMJ, 10 U.S.C. § 920b (2006 and Supp. V. 2012). The military judge sentenced appellant to a dishonorable discharge, confinement for

sixty years, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.[1]

On October 26, 2018, this court issued a decision in appellant's case, granting relief in part. *United States v. Long*, ARMY 20150160, 2020 CCA LEXIS 512 (Army Ct. Crim. App. 26 Oct. 2018)(mem. op.).[2] The findings of Specifications 2 and 3 of Charge I; Specifications 4, 5, 6, 9, 10 and 11 of Charge II; and The Specification of Additional Charge II were set aside. We affirmed appellant's convictions only as to three specifications: child endangerment for encouraging his eleven-year-old daughter, AL, to become drunk on hard liquor, which appellant provided AL – (Specification 5 of Charge I); assault consummated by battery for choking AL (The Specification of Charge IV); and rape of a child for penetrating AL's vulva with his penis as she lost consciousness from the alcohol, choking, or both (Specification 8 of Charge II).

We then remanded the case and provided the same or different convening authority with three options, to wit: (1) order a rehearing on Specifications 2 and 4 of Charge I, Specifications 4, 9, 10, and 11 of Charge II, and The Specifications of Additional Charge II; (2) dismiss Specifications 2 and 4 of Charge I, Specifications 4, 9, 10, and 11 of Charge II, and The Specifications of Additional Charge II Specifications, and order a rehearing on the sentence only; or (3) dismiss Specifications 2 and 4 of Charge I, Specifications 4, 9, 10, and 11 of Charge II, and The Specifications of Additional Charge II, and reassess the sentence, affirming no more than a dishonorable discharge, confinement for forty years, and reduction to the grade of E-1. As to the third option, we stated:

> In reassessing the sentence we are satisfied that the sentence adjudged on only Specification 5 of Charge I, Specifications 8 of Charge II, and The Specification of Charge IV, would have been at least a dishonorable

---

[1] Ultimately, appellant was convicted of ten sexual offenses and two non-sexual offenses committed against three separate victims over the course of more than five years. The military judge also found appellant not guilty as to several alleged offenses, both sexual and non-sexual, against both adult and child victims.

[2] This court dismissed two specifications as factually insufficient, and determined that, pursuant to *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016) and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), all but one of appellant's convictions for sexual offenses must be set aside. As to the remaining sexual offense, which involved the violent rape of his own eleven-year-old daughter, we found any arguable use of impermissible propensity evidence was harmless beyond a reasonable doubt.

discharge, confinement for forty years, and a reduction to the grade of E-1. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013). The rape of AL was easily the most serious and most violent offense of which appellant was convicted and carried a maximum punishment of confinement for life without the possibility of parole. This reassessment, being both appropriate and purging the record as it stands of error, does not otherwise limit the sentence that may be adjudged at a rehearing.

*See* UCMJ art. 63. *Long*, 2018 CCA LEXIS 512 at *33–34.

On February 12, 2020, the convening authority took action. He thereby dismissed the specifications this court set aside and reassessed the sentence, approving a dishonorable discharge, confinement for forty years, and reduction to the grade of E-1. This case is again returned for our review pursuant to Article 66, UCMJ. Appellant again challenges his remaining convictions and sentence, asserting three assignments of error, one of which warrants discussion but no relief.[3]

## LAW AND DISCUSSION

We now sua sponte review these matters for further consideration pursuant to an intervening change in law as it applies both to our October 26, 2018 decision and the February 12, 2020 action taken by the convening authority. After this court's October 26, 2018 decision, our superior court issued two opinions that impact our directive to the convening authority. *See United States v. Gonzalez*, 79 M.J. 466 (C.A.A.F. 2020); *United States v. Wall*, 79 M.J. 456 (C.A.A.F. 2020). As explained below, we find our October 26, 2018, decision impermissibly impugned appellant's right to appellate review, but in light of the totality of the record, the error warrants no further relief. This court's de novo review of the remaining findings of guilty as affirmed in our October 26, 2018 opinion are REAFFIRMED. The convening authority dismissed those findings we set aside and we hereby reassess the sentence,

---

[3] Pursuant to our first Article 66, UCMJ review, we engaged in a detailed analysis for both factual and legal sufficiency, which was documented in a lengthy memorandum opinion. We have again reviewed these assignments of error, as well as the matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), de novo, and again conclude they merit neither discussion nor relief. That analysis is hereby incorporated by reference. *United States v. Long*, ARMY 20150160, 2018 CCA LEXIS 512 (Army Ct. Crim. App. 26 Oct. 2020) (mem. op.). For purposes of this opinion, a brief summary of facts and procedural history is all that is necessary to resolve the issue now before us.

in accordance with *Gonzalez*, 79 M.J. at 470, and AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for forty years, and reduction to the grade of E-1.

In *Wall*, our superior court held that a Court of Criminal Appeals (CCA) does not have the authority to conduct a sentence reassessment after setting aside the sentence. 79 M.J. at 460–61. Further, the Court of Appeals for the Armed Forces (CAAF) held that a CCA does not have authority to impose a limitation on the convening authority in conducting a sentence reassessment after setting aside the sentence. *Id.*

This was further clarified in *Gonzalez*, wherein the CAAF held that the permissible actions for a CCA, after setting aside a specification are "(1) dismiss the [set aside specification] and reassess the sentence; or (2) remand to the convening authority who shall (a) order a rehearing on the [set aside specification] and the sentence or (b) dismiss the [set aside specification] and order a rehearing on the sentence alone." 79 M.J. at 470.

In light of these decisions, we recognize our October 26, 2018 decision contained language that was in error, to wit, by conducting a sentence reassessment and remanding appellant's case with a cap on sentence to the convening authority. Such error by the court was potentially prejudicial to appellant's substantial right to appellate review. *Gonzalez*, 79 M.J. at 469. Accordingly, corrective action is necessary.

We first note the appellate history and procedural posture of *Gonzalez* are similar to this case. Both involve appellate review, pursuant to Article 66, UCMJ, which resulted in the affirmation of some findings and the setting aside of others. The cases were both remanded to the convening authority for further action with near identical language, to include the impermissible language restricting the convening authority's sentence reassessment. Therefore, we first reviewed the factual and legal sufficiency of appellant's remaining convictions de novo, and now find that the remedies postured by the CAAF in *Gonzalez* are appropriate. *Gonzalez*, 79 M.J. at 469. We elect to follow the first of the CAAF's authorized remedies because the set aside convictions were dismissed by the convening authority and we determine, based upon the totality of the record, we can adequately reassess appellant's sentence.

We have closely reviewed appellant's record of trial and matters now before this court on appeal. We are satisfied the sentence adjudged for the offenses we affirmed would have been at least a dishonorable discharge, confinement for forty years, and reduction to the grade of E-1.

The remaining convictions were subject to a maximum sentence of confinement for life without the possibility of parole and as such there is no drastic change in the penalty landscape. While multiple charges of both sexual and non-sexual offenses were dismissed, appellant remains convicted of the most serious misconduct. The gravamen of the offenses involved an extremely vulnerable child victim. Appellant targeted his own child with deliberate action to neutralize her in order to violently rape her. We are acutely familiar with the legal and factual history for these remaining offenses. We may reliably determine what sentence would have been imposed at trial and are quite confident, based on the entire record and the seriousness of appellant's misconduct, the military judge would have imposed at least such a sentence.

## CONCLUSION

The remaining findings of guilty we AFFIRMED in our opinion of 26 October 2018 are REAFFIRMED. We reassess the sentence and AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for forty years, and reduction to the grade of E-1.

Chief Judge KRIMBILL and Senior Judge BROOKHART concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court